UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM SAMUEL SCHMIDT,<br><br>                Petitioner,<br>    v.<br><br>DEAN MASON,<br><br>                Respondent. | Case No. 3:25-cv-05021-JLR-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for September 11, 2025 |

The District Court has referred this petition for federal habeas corpus relief to United States Magistrate Judge Theresa L. Fricke. Petitioner William Samuel Schmidt is proceeding *pro se*; pursuant to 28 U.S.C. § 2254, he is asking for relief from a state court conviction. Dkt. 5.

The AEDPA one-year time limit, under the federal habeas corpus statute of limitations, expired on March 3, 2021. 28 U.S.C. § 2244(d)(1)(A). The Court concludes the Petition is time-barred and recommends the Petition be dismissed with prejudice.

I.    **Background**

Petitioner was found guilty of four counts of child molestation in the first degree. Dkt. 10-1 (State Court Record), 5-22 (Exhibit 1, Judgment and Sentence, Pierce County Cause No. 15-1-05057-7). On January 26, 2018, Pierce County Superior Court imposed 175 months per count, and 24 months aggravating factor time (per count), followed by a term of community custody that would continue for the remainder of petitioner's life. *Id.* at 8-11.

REPORT AND RECOMMENDATION - 1

Petitioner challenged his conviction and judgment on direct appeal. Dkt. 10-1 at 24 (Exhibit 2, Brief of Appellant, Court of Appeals Cause No. 51415-0-II). The Washington State Court of Appeals affirmed petitioner's conviction on July 30, 2019. Dkt. 10-1 at 120-128 (Exhibit 5, Opinion, Court of Appeals Cause No. 36638-3-III).

Petitioner sought review by the Washington Supreme Court, raising two claims of prosecutorial misconduct. Dkt. 10-1 at 130 (Exhibit 6, Petition for Review, Supreme Court Cause No. 97549-3). The Washington Supreme Court denied review without comment on December 4, 2019. Dkt. 10-1 at 163 (Exhibit 7, Order, Supreme Court Cause No. 97549-3). The mandate issued on December 19, 2019. Dkt. 10-1 at 165 (Exhibit 8, Mandate, Court of Appeals Cause No. 36638-3-III).

On September 19, 2024, petitioner filed a personal restraint petition ("PRP") in the Washington Court of Appeals. Dkt. 10-2 at 2 (Exhibit 11, Personal Restraint Petition, Court of Appeals Cause No. 60918-5-II). The Washington Court of Appeals dismissed the personal restraint petition as untimely under state law. Dkt. 10-2 at 286 (Exhibit 12, Order Dismissing Petition, Court of Appeals Cause No. 60918-5-II). Petitioner then sought review by the Washington Supreme Court. Dkt. 10-2 at 289 (Exhibit 13, Motion for Discretionary Review, Supreme Court Cause No. 103640-0). The Washington Supreme Court denied review. Dkt. 10-2 at p. 330 (Exhibit 15, Ruling Denying Review, Supreme Court Cause No. 103640-0). The state court issued the certificate of finality on February 12, 2025. Dkt. 10-2 at 333 (Exhibit 16, Certificate of Finality, Court of Appeals Cause No. 60918-5-II).

On January 9, 2025, petitioner filed this federal habeas corpus petition (Petition). Dkts. 1, 5. On April 21, 2025, Respondent filed an Answer and Memorandum of

REPORT AND RECOMMENDATION - 2

1  Authorities, contending, in part, that the Petition was filed after the limitations period
2  expired. Dkt. 9. Petitioner did not file a response to the Answer.
3      **II.**    **Discussion**
4          A.  *Statute of Limitations*
5          Petitions for federal habeas corpus under 28 U.S.C. § 2254 are governed by the
6  Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244. The
7  AEDPA imposes a one-year limitation period, which begins to run "from the latest of ...
8  the date on which the judgment became final by the conclusion of direct review or the
9  expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).
10         The limitation period may run from a later date under the following
11 circumstances: First, it may run from the date on which the impediment to filing an
12 application created by State action in violation of the Constitution or laws of the United
13 States is removed if the applicant was prevented from filing by such State action. 28
14 U.S.C. § 2244(d)(1)(B); second, it may run from the date the United States Supreme
15 Court recognizes a new constitutional right that the Supreme Court makes retroactive to
16 cases on collateral review. 28 U.S.C. § 2244(d)(1)(C); third, it may run from the date the
17 factual predicate of the claim presented could have been discovered through the
18 exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).
19         Additionally, "[t]he time during which a *properly filed* application for State post-
20 conviction or other collateral review with respect to the pertinent judgment or claim is
21 pending shall not be counted toward any period of limitation under this subsection." 28
22 U.S.C. § 2244(d)(2) (emphasis added). For purposes of 28 U.S.C. § 2244(d)(1)(A),
23 direct review usually concludes and the judgment becomes final either upon the
24
25

REPORT AND RECOMMENDATION - 3

1  expiration of the time for filing a petition for writ of certiorari with the United States

2  Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v.*

3  *Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

4      In addition to state post-conviction tolling, the statute of limitations governing

5  federal habeas corpus petitions is subject to equitable tolling in appropriate

6  circumstances. *Holland v. Florida*, 560 U.S. 631, 652 (2010). Equitable tolling is justified

7  in very few cases, noting that "the threshold necessary to trigger equitable tolling [under

8  AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d

9  1063, 1066 (9th Cir. 2002).

10      A petitioner bears the burden of showing that equitable tolling should be applied.

11  *Id.* at 1065. To receive equitable tolling, a petitioner must show " '(1) that he has been

12  pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

13  way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v.*

14  *DiGuglielmo*, 544 U.S. 408, 418 (2005)).

15      In this case, the Washington Supreme Court denied review of the direct appeal

16  on December 4, 2019. The mandate was issued by the Washington State Court of

17  Appeals on December 19, 2019. Dkt. 10-1 at 165 (Exhibit 8, Mandate, Court of Appeals

18  Cause No. 36638-3-III).

19      On September 19, 2024, Petitioner filed a personal restraint petition ("PRP") in

20  the Washington Court of Appeals. Dkt. 10-2 at 2 (Exhibit 11, Personal Restraint Petition,

21  Court of Appeals Cause No. 60918-5-II). This was more than four years after the

22  mandate was issued, and therefore the Washington Court of Appeals dismissed the

23  personal restraint petition as untimely under state law. Dkt. 10-2 at 286 (Exhibit 12,

24

25

REPORT AND RECOMMENDATION - 4

Order Dismissing Petition, Court of Appeals Cause No. 60918-5-II) (Applying RCW 10.73.090, 10.73.100, that require a post-conviction petition to be filed within one year after the mandate). His state court PRP was untimely and therefore not properly filed; because it was not properly filed, state post-conviction process tolling does not apply. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Petitioner had ninety days from December 4, 2019, to file a petition for writ of certiorari with the Supreme Court. *See* U.S. Supreme Ct. Rule 13. Petitioner did not file a petition within those 90 days; direct review concluded and judgment became final on March 3, 2020, for purposes of 28 U.S.C. § 2244(d)(1)(A). The AEDPA's one-year statute of limitations began to run the following day. *Id.*

The AEDPA statute of limitations ran out on March 3, 2021. 28 U.S.C. § 2244(d)(1)(A). By the time petitioner filed his first personal restraint petition, the federal statute of limitations had been expired for three years. When petitioner filed his federal habeas corpus petition in January 2025, almost four years had passed since his AEDPA statute of limitations had expired.

Here, petitioner presents no argument that he is entitled to equitable tolling, and nothing in the record before this Court suggests that petitioner has met the requirements for the application of equitable tolling. Therefore, the statute of limitation is not subject to the doctrine of equitable tolling.

For these reasons, the Court should hold the Petition is untimely and should be dismissed with prejudice. As the Petition is untimely, the Court should decline to

REPORT AND RECOMMENDATION - 5

consider Respondents' argument that the Petition is also unexhausted and procedurally defaulted. *See* Dkt. 9.

### III. Evidentiary Hearing

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011). A hearing is not required if the allegations would not entitle petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*.

The Court should find it is not necessary to hold an evidentiary hearing in this case because, as discussed in this Report and Recommendation, the Petition may be resolved on the existing state court record.

### IV. Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the

district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of petitioner's claims or would conclude the issues presented in the Petition should proceed further. Therefore, the Court should conclude petitioner is not entitled to a certificate of appealability with respect to this Petition.

### V. Conclusion

Petitioner did not timely file a state post-conviction petition. There are no extraordinary circumstances in this case requiring the application of equitable tolling principles. Therefore, the Petition is barred by the one-year limitations period imposed under 28 U.S.C. § 2244(d) and should be dismissed with prejudice. No evidentiary hearing is required and a certificate of appealability should be denied. A proposed order and proposed judgment are attached.

//
//
//
//
//
//
//

REPORT AND RECOMMENDATION - 7

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on September 11, 2025, as noted in the caption.

Dated this 27th day of August, 2025.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8